276 F.2d 114
 CHESAPEAKE & OHIO RAILWAY CO., Appellant,
v.
George D. SCHLINK, as Administrator of Estate of Ida Mae
Schlink, deceased, Appellee.
CHESAPEAKE & OHIO RAILWAY CO., Appellant,
v.
George D. SCHLINK, Guardian of Rose Marie Schlink, a minor, Appellee.
 Nos. 13937, 13938.
 United States Court of Appeals Sixth Circuit.
 March 21, 1960.
 
 Robert A. Straub, Detroit, Mich.; Robert B. Seeley, Detroit, Mich., of counsel, Jerome Weadock, Saginaw, Mich., on the brief, for appellant.
 John Purcell, Saginaw, Mich.; Heilman & Purcell, Saginaw, Mich., on the brief, for appellees.
 Before McALLISTER, Chief Judge, WEICK, Circuit Judge, and BOYD, District Judge.
 PER CURIAM.
 
 
 1
 These actions for wrongful death and personal injuries, resulting in verdicts for appellees, were consolidated for trial and heard together in this Court.
 
 
 2
 On Saturday, March 2, 1957 at about 10:45 a.m. appellant (C. & O.), delivered a reilroad gondola car, loaded with coal, to the tracks of the Michigan Central Lines (New York Central System) in Bay City, Michigan. Those tracks were used for interchange of cars between the two systems. The tracks were so situated adjacent to South Water Street, a public roadway eighteen feet in width, that the side of the gondola car protruded six inches into the travelled portion of the street.
 
 
 3
 At the time the C. & O. placed the car upon the tracks it did not know how long it would be before the N.Y.C. would remove it therefrom. C. & O. did not notify N.Y.C. that the car had been placed on the track, and N.Y.C. had no independent knowledge of that fact. Although N.Y.C. had switch engines in operation in the Bay City area seven days a week it did not normally work them on the South Water Street tracks on the weekends, of which fact C. & O. was aware.
 
 
 4
 At about 1:00 a.m. Monday, March 4, 1957, an automobile driven by George D. Schlink collided with the gondola car in question which was unlighted. His wife, Ida Mae, died as a result thereof and his daughter, Rose Marie, sustained severe injuries.
 
 
 5
 The appellant denied liability for this accident, claiming that its responsibility for the railroad car in question terminated upon the delivery of the car to the N.Y.C. track, citing Pratt v. Railway Co., 95 U.S. 43, 24 L.Ed. 336. The Pratt decision is inapplicable. It related to the respective liabilities of successive carriers of goods, wherein the goods were in fact delivered to and received by the later carrier.
 
 
 6
 It is no defense to an action founded on negligence to claim that although a wrongful act may have been committed it was anticipated that a third party would, at a later time, do something to obviate the negligent conduct. If it was negligence on the part of C. & O. to place the gondola car on the tracks protruding out on the public highway, C. & O. was liable therefor and cannot rely on any anticipated possible intervention by N.Y.C., which had no knowledge of the presence of the car, as a defense.
 
 
 7
 The C. & O. should have foreseen that its conduct in obstructing the public highway might cause injury to travellers lawfully using the same, particularly at nighttime when there were no lights on the gondola car.
 
 
 8
 The questions of negligence and proximate cause were properly submitted to the jury under appropriate instructions and there was no error in this regard.
 
 
 9
 The conduct of the trial by the District Judge is urged as prejudicial error. It is alleged that he exceeded the bounds of his discretion in examining certain witnesses and in remarks which he made in the presence of the jury. No objections were made at the trial in respect to these claimed errors and, in any event, we do not regard them as prejudicial.
 
 
 10
 It was claimed that the verdict in favor of the estate of the wife was excessive; that the minor child, Rose Marie Schlink, age six, was the only beneficiary entitled to recover; that she was not entitled to support from her mother and proved no pecuniary loss. In our judgment, under Michigan law the child was entitled to support from either parent.[1] The proof established that the mother had provided some support. We do not find that the verdict was excessive.
 
 
 11
 Appellant further claims it was error for the trial judge to exclude opinion evidence of a police officer as to the speed of the automobile. The police officer was not a witness to the accident. He did not arrive at the scene until some time thereafter. Although he saw the relative positions of the gondola car and the automobile, he had observed no skid marks. He found little damage to the gondola car, but substantial damage to the automobile. He was asked to testify from his experience in investigating other accidents as to the speed of the automobile. The trial judge ruled that he had not been sufficiently qualified as an expert to give such an opinion.
 
 
 12
 Whether the police officer had sufficient qualifications to give an expert opinion was a matter for the trial judge to decide. We find no error in his ruling. We do not believe the police officer's qualifications were adequately established. His opinion as to speed would, under the circumstances, have amounted to a mere guess.
 
 
 13
 Several other errors have been asserted, all of which have been considered and are found to be lacking in merit.
 
 
 14
 The judgments of the District Court are affirmed.
 
 
 
 [1]
 Section 16.122, Michigan Statutes Annotated, Comp.Laws Supp.1956, 401.2